## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER ROBLES, MONICA KAMAL and REBECCA WYLIE, individually on behalf of themselves and all other persons similarly situated, | ) ) ) ) | |
| | ) | Case No.  11-cv-1785 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| COSTCO WHOLESALE CORPORATION, a Washington corporation, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs Javier Robles, Monica Kamal and Rebecca Wylie, individually on behalf of themselves and all other persons similarly situated, by their attorneys, Vincent T. Borst, Robert M. Winter, Andrés J. Gallegos and Richard Lee Stavins of Robbins Salomon & Patt, Ltd., complain of Defendant Costco Wholesale Corporation, a Washington corporation, as follows:

### COUNT I – AMERICANS WITH DISABILITIES ACT

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  Plaintiffs' claims arise in Count I under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et sequitur*, Public Law 101-336, 104 Stat. 327, as amended.

2.      Venue is proper in this district because Defendant caused and continues to cause injuries to Plaintiffs in this district and Defendant resides in this district.

FB2510

**THE PARTIES**

3.      Plaintiff Javier Robles is a quadriplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Javier Robles resides in Edison, New Jersey.

4.      Plaintiff Rebecca Wylie is a quadriplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Rebecca Wylie resides in Deerfield, Illinois.

5.      Plaintiff Monica Kamal is a paraplegic who depends upon the use of a wheelchair, and is a person with a disability within the meaning of all applicable statutes. Monica Kamal resides in McFarland, Wisconsin.

6.      Defendant Costco Wholesale Corporation, ("Costco") is a Washington corporation. Through its stores, Costco operates more than 425 optometry centers within the United States of America, doing business and providing optical examinations to the public under the name Costco Optical.

**CLASS ALLEGATIONS**

7.      Pursuant to Fed. R. Civ. P. 23(a), the Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated. The class the Plaintiffs seek to represent is composed of all disabled persons with ambulatory impairments who depend upon the use a wheelchair and are unable to obtain optometry services and care at Costco Optical, because of the failure of Costco to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*

8.      The persons in the class are so numerous that joinder of all persons is impracticable and the disposition of their claims in a class action is a benefit to the parties and the Court. Approximately 2.7 million disabled people ages 15 and older depend upon the use of

wheelchairs in the United States. Plaintiffs are informed and believe that thousands of individuals with ambulatory disabilities who depend upon the use of wheelchairs seeking optometry services from Costco have suffered and will continue to suffer systematic discrimination.

9.      There are common questions of law and fact involved that affect the parties to be represented in that they are all being denied, or will be denied their civil rights of full and equal enjoyment of optometry services and care from Costco, due to the barriers described herein.

10.     The claims of the Plaintiffs are typical of the claims of the class because the Plaintiffs are similarly affected by Costco's failure to provide the legally required access to their facilities and optometry services throughout the United States.

11.     The Plaintiffs are adequate class representatives because they are directly impacted by Costco's failure to provide access to vision care services, facilities and equipment throughout the United States. The interests of the Plaintiffs are not antagonistic to or otherwise in conflict with the interests of the class as a whole. The attorneys representing the class are experienced in representing clients in class actions and class action civil rights claims.

12.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Costco has acted and/or failed to act on grounds applicable to the class as a whole, making final declaratory and injunctive relief for the class as a whole superior to all other methods of disposition.

13.     Class certification is appropriate under Fed. R. Civ. P. 23 (b)(3) because questions of law and fact common to class members predominate over other available methods for the fair and efficient adjudication of this litigation.

14.     Upon information and belief, the interests of members of the class in individually controlling the prosecution of a separate action is low, in that most class members would be

unable to individually prosecute an action because the amounts at stake for individuals, while significant, are relatively small for most or all of the class members contrasted with the costs of prosecution. Concentrating litigation in a single forum will promote judicial efficiency by resolving common questions of law and fact in a single forum instead of across multiple courts.

15.     A class action would be manageable. Individualized litigation presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties, allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. References to Plaintiffs shall be deemed to include each named Plaintiff and each member of the class, unless otherwise indicated.

## DEFENDANT'S CONDUCT

16.     A regularly scheduled comprehensive eye examination is critical to maintaining healthy eyes and healthy vision. Optometrists are qualified to administer such exams and treat many diseases and disorders of the eye. An eye exam is low cost and of high benefit to the patient. Economic, medical and moral benefits exist for every person to have an annual eye exam by an optometrist.

17.     Defendant Costco has a pattern and practice of failing to provide full and equal access to eye exams by ambulatory impaired disabled individuals who depend upon the use of wheelchairs who are seeking vision care services, by failing to remove architectural barriers that prevent full and equal enjoyment of, and access to its eye examination services, failing to provide or make available auxiliary aids and services, and failing to make reasonable modifications to its policies, practices and procedures to ensure that disabled people with

FB2510                                    4

ambulatory impairments who depend upon the use of wheelchairs are provided with equal access to the facilities, equipment and services that Costco Optical provides to Costco's customers.

18.     As a consequence of the aforesaid conducts, Costco does not provide full and equal access for disabled people with ambulatory impairments who use wheelchairs. Costco's employees and staff members are not able to address these barriers and provide optometry services on an equal basis to disabled persons with ambulatory impairments who depend on the use of wheelchairs, and thus such disabled persons are unable to secure comprehensive eye care services at Costco Optical that are readily available to non-disabled persons without ambulatory impairments.

19.     Defendant Costco does not provide, and it denies and continues to deny, access for disabled individuals with ambulatory impairments who depend upon the use wheelchairs by creating and failing to remove architectural barriers in the following ways:

a.     The examination chairs do not lower to facilitate the transfer of disabled ambulatory impaired persons from their wheelchairs onto the eye exam chairs;

b.     No other safe means are provided to lift disabled ambulatory impaired persons from their wheelchairs onto examination chairs, such as portable lift systems or fixed overhead lift systems;

c.     The examination chairs are fixed to the floor and cannot be moved to permit disabled ambulatory impaired persons in wheelchairs to access the eye examination equipment while seated in their wheelchairs;

d.     The examination equipment cannot be moved sufficiently to accommodate an eye examination for a person in a wheelchair;

e.     Examination rooms are too small to accommodate wheelchair access and use;

f.     Disabled persons with ambulatory impairments who depend upon the use of wheelchairs are turned away from facilities or dissuaded from seeking optometry services from Costco when they inquire telephonically about the availability of vision care services for disabled persons who depend on the use of wheelchairs; and

g.     Costco otherwise has denied access to disabled ambulatory impaired individuals who depend upon the use of wheelchairs.

20.     The pervasive barriers to access described above make it more difficult and expensive for disabled persons with ambulatory impairments who use wheelchairs to receive adequate vision screening and care. Costco's failure to remove such architectural access barriers throughout the Costco Optical prevents full and equal access, subjects disabled people with ambulatory impairments who use wheelchairs to embarrassing, humiliating, and frustrating experiences, and increases the likelihood that they will not be able to secure eye care services that are available to people without ambulatory impairments.

21.     Each Costco Optical facility is a public accommodation that is covered by Title III of the ADA. 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104.

## EXPERIENCES OF THE NAMED PLAINTIFFS

22.     Javier Robles is a person with an ambulatory impairment. Javier sustained a spinal cord injury to his 5th cervical vertebra in or about April 1983, resulting in quadriplegia. As a result, he is required to use a wheelchair. Javier has been wearing prescription eyewear for many years. Javier was also diagnosed with Type 2 Diabetes in or about October 2008, which makes the ability to obtain comprehensive eye exams particularly vital because diabetes increases the risk of vision problems. On or about February 7, 2011, Javier called Defendant's store in Edison, New Jersey. That Costco store is close to Javier's personal residence. He called the store to inquire whether the facility and its eye examination services were accessible for persons with quadriplegia and to see if he could obtain a comprehensive eye examination there. An employee at the Costco Optical facility informed Javier that the eye exam chair was fixed to the floor and was immovable and that they had no system in place for transferring Javier out of his wheelchair to obtain an eye examination. On or about the same day, February 7, 2011, Javier

FB2510                                    6

called Defendant's store in Union, New Jersey. That Costco store also is reasonably close to Javier's house. Javier explained to an employee at the store's Costco Optical vision center that he is a quadriplegic using a power wheelchair, without the independent ability to transfer himself from his wheelchair onto an examination chair, and that he was seeking an eye exam. Costco employees told Javier that they could not accommodate him because they could not do power wheelchair transfers and because their examination chair did not move, and that Javier needed to go to a wheelchair accessible facility where the equipment comes to the person.

23.     Rebecca Wylie is a person with an ambulatory impairment. Rebecca has been living with the effects of Acute Transverse Myelitis, which developed when she was 7 years old, affecting her 3rd cervical vertebra, causing quadriplegia. As a result, she is dependent upon the use of a wheelchair. Rebecca has been using prescription eyeglasses since 2004. On or about January 27, 2011, Rebecca called Defendant's stores in Glenview, Illinois and Mettawa, Illinois, to inquire about obtaining a comprehensive vision exam. Both stores are reasonably close to her home. After explaining that she was in a wheelchair and unable to independently transfer, Costco employees at each store's Costco Optical vision centers told Rebecca that Costco's eye exam chairs could not be moved to permit her wheelchair to be positioned in place of the exam chair and access the examination equipment. At the Glenview Costco Optical facility, Rebecca was offered to have a manual exam by Costco, but the optometrist offering that exam cautioned that it was not as ideal as an exam in the exam chair using the latest equipment. At the Mettawa Costco Optical facility, Rebecca was offered a trial frame refraction exam by Costo, but the optometrist who offered that exam to Rebecca cautioned that such an exam was not as good as a conventional chair exam.

24.     Monica Kamal is a person with an ambulatory impairment. Since January 22, 2001, Monica has been living with the effects of a spinal cord injury to her 5th thoracic vertebra,

causing para<sup>pl</sup>egia. As a result, she utilizes a manual wheelchair. Depending upon the surface underneath her wheelchair and the height of the object that she is attempting to transfer into or onto, Monica is able to independently transfer out of her wheelchair using a transfer board. She has been wearing prescription eyeglasses since she was 18 years old. On or about March 12, 2011, Monica called the Defendant's store in Middleton, Wisconsin. That Costco store is close to Monica's house. She called to inquire whether their eye examination services were accessible for persons with paraplegia and quadriplegia, and to see if she was able get an eye examination there. Monica called for herself and also for other members of the Madison (Wisconsin) Spinal Cord Injury Group (the "SCI Group"). Monica is the coordinator of the SCI Group. The SCI Group is a support group for persons with spinal cord injuries, and their families. To help each other, members of the SCI Group often discuss and share information about accessible facilities and services in and around Madison, Wisconsin. The optometrist at that Costco Optical center explained to Monica that she would need to transfer out of her wheelchair and onto the examination chair in order to receive an examination as although the examination chair was height adjustable, it was immovable. As a result, Monica would be required to bring someone with her to assist her in transferring or permit the store's employees to lift her.

## THE STATUTE AND REGULATIONS

25. At all times relevant, there was in full force and effect a statute known as the Americans with Disabilities Act, 42 U.S.C. §§ 12101 – 12189, (the "ADA") and its implementing regulations, 28 C.F.R. §§ 36.101 – 36.608, which provide in pertinent part as follows:

> a. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.

b.  It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b) (1)(A)(i); 28 C.F.R. § 36.202(a).

c.  It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

d.  It shall be discriminatory to impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered. 42 U.S.C. § 12182(b) (2)(A)(i); 28 C.F.R. § 36.301(a).

e.  It shall be discriminatory to fail to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b) (2)(A)(ii); 28 C.F.R. § 36.302(a).

f.  It shall be discriminatory to fail to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b) (2)(A)(iii); 28 C.F.R. § 36.303(a).

g.  It shall be discriminatory to fail to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b) (2)(A)(iv); 28 C.F.R. § 36.304(a).

## DEFENDANT'S VIOLATIONS

26.     Defendant Costco's acts and omissions alleged herein violated and continue to violate the ADA and its implementing regulations in one or more or all of the following manners:

a.      Costco has discriminated against Plaintiffs and the class members by denying them the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the facilities owned, operated and/or contracted for use by Costco and Costco Optical.

b.      Costco has discriminated against Plaintiffs and the class members by denying them the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Costco Optical.

c.      Costco has discriminated against Plaintiffs and the class members by offering or affording them services that are not equal to those services afforded to other individuals with ambulatory impairments.

d.      Costco has discriminated against Plaintiffs and the class members by imposing or applying eligibility criteria that screen out or tend to screen out disabled individuals with ambulatory impairments who cannot independently transfer from their wheelchairs onto examination chairs where such criteria is not necessary for the provision of optometry services.

e.      Costco has discriminated against Plaintiffs and the class members by failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford its goods, services and facilities to Plaintiffs and the class members where such modifications would not fundamentally alter the nature of its goods, services or facilities.

f.      Costco has discriminated against Plaintiffs and the class members by failing to take such steps as may be necessary to ensure that Plaintiffs and the class members are not excluded, denied services or otherwise treated differently than other individuals because of the absence of auxiliary aids where the taking of such steps would not fundamentally alter the nature of its offered services or would not result in an undue burden.

g.      Costco has discriminated against Plaintiffs and the class members by failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable.

        h.     Costco has otherwise discriminated against Plaintiffs and the class members.

27.    Costco's conduct constitutes ongoing and continuing violations of the ADA. Unless restrained from doing so, Costco will continue to violate the ADA. This conduct, unless enjoined, will continue to inflict injuries on Plaintiffs and the members of the class for which Plaintiffs and the class will have no adequate remedy at law. Therefore, pursuant to section 308 of the ADA (42 U.S.C. § 12188), Plaintiffs and members of the class are entitled to injunctive relief.

28.    Plaintiffs and members of the class are entitled to reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and members of the class pray for the following relief:

        a.     A preliminary injunction and a permanent injunction, prohibiting Costco from violating the ADA, 42 U.S.C. § 12181, *et seq.*, and compelling Costco to comply with the ADA;

        b.     A declaration that Costco is operating in a manner which discriminates against disabled individuals who are ambulatory impaired who depend upon the use of wheelchairs and which fails to provide access for persons with disabilities as required by law;

        c.     An order certifying the case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), and appointing Plaintiffs as class representatives and their attorneys as class counsel;

        d.     An award of attorneys' fees and costs;

        e.     Such other relief as the Court deems just.

### COUNT II – REHABILITATION ACT

1.　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).  Plaintiffs' claims in Count II arise under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et sequitur*, Public Law 93-112, 87 Stat. 355, as amended.

2-5.　　Plaintiffs incorporate by reference paragraphs 2 to 5 of Count I.

6.　　Pursuant to Fed. R. Civ. P. 23(a), the Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated.  The class the Plaintiffs seek to represent is composed of all disabled persons with ambulatory impairments who depend upon the use a wheelchair and are unable to obtain optometry services and care at the optical care at the Costco Optical, because of the failure of Costco to comply with Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

7-19.　　Plaintiffs incorporate by reference paragraphs 7 to 19 of Count I.

20.　　Costco receives federal financial assistance in the form of reimbursement from the federal Medicare and Medicaid programs and is therefore subject to the antidiscrimination provisions of the Rehabilitation Act, as herein described.

21-22.　　Plaintiffs incorporate by reference paragraphs 21 to 22 of Count I.

23.　　At all times relevant, there was in full force and effect a statute known as the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et sequitur*, and its implementing regulations, 45 C.F.R. § 84.4(a), which provide in pertinent part as follows:

    a.　　"No otherwise qualified individual with a disability...shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794(a)

    b.　　An individual with a disability is "otherwise qualified" to participate in covered programs and activities if that individual "meets the essential eligibility requirements for the receipt of such services." 45 C.F.R. § 84.3(l)(4).

c.  "Program or activity" means all of the operations of an entire corporation if assistance is extended to such corporation as a whole or the corporation is principally engaged in the business of providing health care services, and any part of the corporation receives federal financial assistance. 29 U.S.C. § 794(b)(3)(A)(i) and (ii); 45 C.F.R. §84.3(k)(3)(i)(A) and (ii).

d.  "Federal financial assistance" means "any grant, loan, contract...or any other arrangement by which the Department [of Health and Human Services] provides or otherwise makes available assistance in the form of...[f]unds." 45 C.F.R. § 84.3(h).

e.  "No qualified handicapped person shall, because a recipient's facilities are inaccessible to or unusable by handicapped persons, be denied the benefits of, be excluded from participation in, or otherwise be subjected to discrimination under any program or activity to which this part applies." 45 C.F.R. § 84.21.

f.  "Accessibility. A recipient shall operate its program or activity so that when each part is viewed in its entirety, it is readily accessible to handicapped persons." 45 C.F.R. § 84.22.

g.  "In providing health, welfare, or other social services or benefits, a recipient may not, on the basis of handicap:  (1) Deny a qualified handicapped person these benefits or services...(3) Provide a qualified handicapped person with benefits or services that are not as effective as the benefits or services provided to others...(4) Provide benefits or services in a manner that limits or has the effect of limiting the participation of qualified handicapped persons." 45 C.F.R. § 84.52(a).

24.  Costco's acts and omissions alleged herein violated and continue to violate the Rehabilitation Act of 1973 and its implementing regulations in one or more or all of the following manners:

a.  Costco has discriminated against Plaintiffs and the class members by denying them the opportunity for the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the facilities owned, operated and/or contracted for use by Costco and Costco Optical.

b.  Costco has discriminated against Plaintiffs and the class members by denying them the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Costco Optical.

FB2510

13

c.     Costco has discriminated against Plaintiffs and the class members by offering or affording them services that are not equal to those services afforded to other individuals with ambulatory impairments.

d.     Costco has discriminated against Plaintiffs and the class members by imposing or applying eligibility criteria that screen out or tend to screen out disabled individuals with ambulatory impairments who cannot independently transfer from their wheelchairs onto examination chairs where such criteria is not necessary for the provision of optometry services.

e.     Costco has discriminated against Plaintiffs and the class members by failing to make reasonable modifications in policies, practices, or procedures, which are necessary to afford its goods, services and facilities to Plaintiffs and the class members where such modifications would not fundamentally alter the nature of its goods, services or facilities.

f.     Costco has discriminated against Plaintiffs and the class members by failing to take such steps as may be necessary to ensure that Plaintiffs and the class members are not excluded, denied services or otherwise treated differently than other individuals because of the absence of auxiliary aids where the taking of such steps would not fundamentally alter the nature of its offered services or would not result in an undue burden.

g.     Costco has discriminated against Plaintiffs and the class members by failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable.

h.     Costco has otherwise discriminated against Plaintiffs and the class members.

25.     Section 505(a)(2) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)(2), states that the "remedies, procedures and that the rights set forth in title VI of the Civil Rights Act of 1964 [being 42 U.S.C. § 2000(d) *et sequitur*] shall be available" for violations of section 504 of the Rehabilitation Act of 1973. By law, such remedies include compensatory monetary damages. *Barnes v. Gorman*, 536 U.S. 181 (2002).

26.     Costco's conduct has inflicted injury and damages upon plaintiffs, including loss of a civil right, mental anguish, humiliation and mental pain and suffering.

FB2510                                                  14

27. Plaintiffs and members of the class are entitled to reasonable attorneys' fees and costs, pursuant to section 505(b) of the Rehabilitation Act, 29 U.S.C. § 794a.

WHEREFORE, Plaintiffs and members of the class pray for the following relief:

a. A declaration that Costco is operating in a manner which discriminates against disabled individuals who are ambulatory impaired who depend upon the use of wheelchairs and which fails to provide access for persons with disabilities as required by law;

b. An order certifying the case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), and appointing Plaintiffs as class representatives and their attorneys as class counsel;

c. An award of compensatory monetary damages;

d. An award of attorneys' fees and costs;

e. Such other relief as the Court deems just.

JAVIER ROBLES, MONICA KAMAL and REBECCA WYLIE, individually on behalf of themselves and all other persons similarly situated, Plaintiffs

By: /s/ Vincent T. Borst
One of Their Attorneys

Vincent T. Borst (ARDC No. 06192904)
Robert M. Winter (ARDC No. 03122228)
Andrés J. Gallegos (ARDC No. 6212168)
Richard Lee Stavins (ARDC No. 02710099)
Attorneys for Plaintiffs
ROBBINS, SALOMON & PATT, LTD.
25 East Washington Street, Suite 1000
Chicago, Illinois 60602
(312) 782-9000 – Telephone
(312) 782-6690 - Facsimile
vborst@rsplaw.com
rwinter@rsplaw.com
agallegos@rsplaw.com
rstavins@rsplaw.com

FB2510

15