# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1785 | **DATE** | 11/2/2011 |
| **CASE TITLE** |  | Robles vs. Costco Wholesale Corp. | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to strike affirmative defenses [#26] is granted in part and denied in part. Defendant has until November 17, 2011 to amend its answer.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

Plaintiffs, Javier Robles, Monica Kamal and Rebecca Wylie (collectively "plaintiffs"), are individuals who depend on wheelchairs for mobility. They filed a putative class action against defendant, Costco Wholesale Corp. ("defendant"), alleging that it failed to properly equip its optometric offices to serve persons utilizing wheelchairs in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 1210, *et seq.* ("ADA"), and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* Defendant answered, asserting seven affirmative defenses, and plaintiffs moved to strike.

An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part by new allegations of excuse justification or other negating matters. *Riemer* v. *Chase Bank, N.A.*, 247 F.R.D. 637, 639 (N.D. Ill. May 26, 2011). By their nature, affirmative defenses require defendants to bear the burden of proof on those particular issues. *Native Am. Arts, Inc.* v. *Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003). Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Under this rule, "district courts have considerable discretion . . . to strike claimed defenses that do not give fair notice and merely clutter the pleadings." *Riemer*, 274 F.R.D. at 639 (citations omitted). The court's ruling on plaintiffs' motion is as follows:

**Affirmative Defense 1 (Failure to request modification):** Granted. If notice and opportunity to cure are, as defendant argues, a prerequisite to bringing a claim under 42 U.S.C. § 12182(b)(2)(A)(ii), then plaintiffs must prove this element as part of their *prima facie* case. Non-proof is not an affirmative defense. *See Riemer*, 274 F.R.D. at 639 ("An attack on a plaintiff's *prima facie* claim is a negative defense, rather than an affirmative defense, which must plead matter that is not within the claimant's *prima facie* case.") (internal quotation marks and citation omitted); *see also Fort Howard Paper Co.* v. *Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) (affirmative defenses do not controvert proof of the claim to which they are

**STATEMENT**

addressed); *Sundstrand Corp.* v. *Standard Kollsman Indus., Inc.*, 488 F.2d 807, 813 (7th Cir. 1973) ("a defendant need plead affirmatively only those defenses upon which he bears the burden of proof") (citations omitted).

**Affirmative Defense 2 (Modification would fundamentally alter business):** Granted. Even under the pre-*Iqbal* and *Twombly* standard, "[b]are legal conclusions are never sufficient." *See Riemer*, 274 F.R.D. at 639 (citing *Heller Financial, Inc.* v. *Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). Defendant must set forth a short and plain statement of the basis for the defense. Fed. R. Civ. P. 8(a).

**Affirmative Defense 3 (Not responsible for policies):** Granted. Both the landlord that owns a building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are subject to the requirements of Title III. 28 C.F.R. § 36.201(b). "However, in general landlords should not be given responsibility for policies a tenant applies in operating its business, if such policies are solely those of the tenant." *Id.* at App. C § 36.201(b); *see Haynes* v. *Wilder Corp.*, 721 F. Supp. 2d, 1218, 1228 (M.D. Fla. 2010). Costco asserts that its relationship with the independent optometrists who maintain their practices at Costco's warehouses is strictly one of landlord/tenant and Costco is not liable for the policies of its tenants, which may violate the ADA. Costco, however, has already denied liability in its answer, and this affirmative defense adds nothing to the case.

**Affirmative Defense 4 (Lack of standing):** Granted. "[S]tanding is not an affirmative defense under federal law." *Native Am. Arts, Inc*, 253 F. Supp. 2d at 1045; *see, e.g., Rudzinski* v. *Metro. Life Ins. Co.*, No. 05-C-574, 2007 WL 2973830, at *1 (N.D. Ill. Oct. 4, 2007); *De Lage Landen Financial Services, Inc.* v. *M.D.M. Leasing Corp.*, No. 07-C-045, 2007 WL 4355037, at *3 (N.D. Ill. Dec. 10, 2007); *Bd. of Educ. of Thornton Tp. High Sch. Dist.* 205 v. *Board of Educ. of Argo Cmty. High Sch. Dist. 217*, No. 06-C-2005, 2006 WL 2460590, at *5 (N.D. Ill. Aug. 21, 2006); *Huthwaite, Inc.* v. *Randstad Gen. Partner*, No. 06-C-1548, 2006 WL 3065470, at *8 (N.D. Ill. Oct. 24, 2006); *Cohn* v. *Taco Bell Corp.*, No. 92-C-5852, 1995 WL 247996, at *5 (N.D. Ill. Apr. 24, 1995). This is because the burden is on the complainant, not the defendant, to prove that he or she has standing to bring the case. *See Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); *Indemnified Capital Invs., S.A.* v. *R.J. O'Brien & Assoc.*, 12 F.3d 1406, 1408–09 (7th Cir. 1993). A defendant may challenge lack of standing in a motion to dismiss, or the court may raise the issue *sua sponte*, *Native Am. Arts, Inc*, 253 F. Supp. 2d at 1045, but it is not an appropriate affirmative defense.

**Affirmative Defense 5 (Compliance with ADA Guidelines):** Denied. The cases cited by both parties are not binding on this court. Defendant is permitted to argue that compliance with the ADAAG negates its liability under the ADA.

**Affirmative Defense 6** (**Lack of standing**): Granted for the reasons set forth in affirmative defense 4.

**Affirmative Defense 7 (Lack of standing)**: Granted for the reasons set forth in affirmative defense 4.